SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

-------------------------------------------------------------------------X   Index No.:

SEAN BOYLE,

                              Plaintiff,

        –against–

NORTH SALEM CENTRAL SCHOOL DISTRICT
and PUTNAM-NORTHERN WESTCHESTER
BOARD OF COOPERATIVE EDUCATIONAL
SERVICES a/k/a BOCES,

                          Defendants.

-------------------------------------------------------------------------X

## SUMMONS

Plaintiff designates
WESTCHESTER COUNTY
as the place of trial

The basis of jurisdiction is:
DEFENDANT'S ADDRESS

Defendant's Address is:
230 JUNE ROAD
NORTH SALEM, NEW YORK 10560

**TO THE ABOVE-NAMED DEFENDANTS:**

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action, and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance on the plaintiffs' attorneys within twenty (20) days after the service of this summons exclusive of the day of service, where service is made by delivery upon you personally within the state, or within thirty (30) days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: White Plains, New York
      August 16, 2019

                                   **MEAGHER & MEAGHER, P.C.**
                                   *Attorneys for Plaintiff*
                                   111 CHURCH STREET
                                   WHITE PLAINS, NEW YORK 10601
                                   (914) 328-8844

**SEE RIDER**

**<u>RIDER</u>**

**TO:**  NORTH SALEM CENTRAL
SCHOOL DISTRICT
230 June Road
North Salem, New York 10560

PUTNAM-NORTHERN WESTCHESTER
BOARD OF COOPERATIVE
EDUCATIONAL SERVICES a/k/a BOCES
200 Boces Drive
Yorktown Heights, New York 10598

Case 7:19-cv-08577-VB   Document 6-1   Filed 09/18/19   Page 3 of 44

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

-------------------------------------------------------------------X

SEAN BOYLE,

                       Plaintiff,

             -against-

NORTH SALEM CENTRAL SCHOOL DISTRICT
and PUTNAM-NORTHERN WESTCHESTER
BOARD OF COOPERATIVE EDUCATIONAL
SERVICES a/k/a BOCES,

                       Defendants.

-------------------------------------------------------------------X

Index No.:

**VERIFIED COMPLAINT**

       Plaintiff, above named, as for his Verified Complaint, through his attorneys, MEAGHER

& MEAGHER, P.C., upon information and belief, alleges the following:

### AS AND FOR A FIRST CAUSE OF ACTION

     **FIRST:**                        At all times hereinafter mentioned, the Defendant,

NORTH SALEM CENTRAL SCHOOL DISTRICT, hereinafter the "SCHOOL DISTRICT,"

was and continues to be situated in the County of Westchester, State of New York, located at 230

June Road, North Salem, New York 10560.

     **SECOND:**                   At all times hereinafter mentioned, the Defendant

PUTNAM-NORTHERN WESTCHESTER BOARD OF COOPERATIVE EDUCATIONAL

SERVICES, hereinafter "BOCES", was and continues to be situated in the County of

Westchester, State of New York, located at 200 Boces Drive, Yorktown Heights, New York

10598.

     **THIRD:**                     Upon information and belief, at all times hereinafter

mentioned, the Defendant, SCHOOL DISTRICT, was and continues to be a public school,

1

and/or the governing body of a public school, duly organized and existing under the laws of the State of New York.

**FOURTH:** Upon information and belief, at all times hereinafter mentioned, the Defendant, BOCES, was and continues to be a public entity duly organized and existing under the laws of the State of New York.

**FIFTH:** The summons and complaint in this action has been filed and served within the statute of limitations for commencement of an action under GML §50-e and Education Law §3813-2, as amended by the Child Victims Act enacted and signed into law on February 14, 2019 (S. 2440 and A. 2683).

**SIXTH:** The provisions of Section 1602 of the CPLR do not apply to the within action including nondelegable duty and/or the doctrine of Respondeat Superior.

**SEVENTH:** Plaintiff brings this suit within the extended time period as provided for in Section 208 and 214-G of the Civil Practice Law.

**EIGHTH:** At all times hereinafter mentioned, Robert Reitman (hereinafter referred to as "Reitman"), was an employee of the Defendant, SCHOOL DISTRICT.

**NINTH:** At all times hereinafter mentioned, Reitman was acting within the scope of his employment as an employee of the Defendant, SCHOOL DISTRICT.

**TENTH:** At all times hereinafter mentioned, Defendant, SCHOOL DISRICT, maintained the right to discharge Reitman.

2

**ELEVENTH:**                    At all times hereinafter mentioned, Defendant,

SCHOOL DISTRICT, furnished Reitman with the tools, supplies, and workplace for his duties

as school counselor, and/or social worker.

**TWELFTH:**                    At all times hereinafter mentioned, Reitman

performed duties and tasks associated with the mandate and mission of Defendant, SCHOOL

DISTRICT.

**THIRTEENTH:**                    At all times hereinafter mentioned, Reitman

possessed no specialized skills and/or knowledge distinguishing him from the other employees of

Defendant, SCHOOL DISTRICT.

**FOURTEENTH:**                    At all times hereinafter mentioned, Reitman was

engaged by Defendant, SCHOOL DISTRICT, in his role as a school counselor and/or social

worker at the Middle School for an extended period of time, implying a relationship of a

permanent nature.

**FIFTEENTH:**                    At all times hereinafter mentioned, Reitman and

Defendant, SCHOOL DISTRICT, intended to engage in an employee-employer relationship.

**SIXTEENTH:**                    At all times hereinafter mentioned, Reitman and

Defendant, SCHOOL DISTRICT, engaged in a contractual relationship of employment with

associated benefits.

**SEVENTEENTH:**                    Reitman was an employee of Defendant, SCHOOL

DISTRICT, in the year 1980.

**EIGHTEENTH:**                    Reitman was an employee of Defendant, SCHOOL

DISTRICT, in the year 1981.

3

**NINETEENTH:**          Reitman was an employee of Defendant, SCHOOL DISTRICT, in the year 1982.

**TWENTIETH:**          Reitman was an employee of Defendant, SCHOOL DISTRICT, in the year 1983.

**TWENTY-FIRST:**          Reitman was an employee of Defendant, SCHOOL DISTRICT, in the year 1984.

**TWENTY-SECOND:**          Reitman was an employee of Defendant, SCHOOL DISTRICT, in the year 1985.

**TWENTY-THIRD:**          Reitman was an employee of Defendant, SCHOOL DISTRICT, in the year 1986.

**TWENTY-FOURTH:**          Reitman was an employee of Defendant, SCHOOL DISTRICT, in the year 1987.

**TWENTY-FIFTH:**          Reitman was an employee of Defendant, SCHOOL DISTRICT, in the year 1988.

**TWENTY-SIXTH:**          Reitman was an employee of Defendant, SCHOOL DISTRICT, in the year 1989.

**TWENTY-SEVENTH:**          At all times hereinafter mentioned, Reitman, was an employee of the Defendant, BOCES.

**TWENTY-EIGHTH:**          At all times hereinafter mentioned, Reitman was acting within the scope of his employment as an employee of the Defendant, BOCES.

**TWENTY-NINTH:**          At all times hereinafter mentioned, Defendant, BOCES, maintained the right to discharge Reitman.

4

**THIRTIETH:**                    At all times hereinafter mentioned, Defendant,

BOCES, furnished Reitman with the tools, supplies, and workplace of his duties as school

counselor and/or social worker.

**THIRTY-FIRST:**                    At all times hereinafter mentioned, Reitman

performed duties and tasks associated with the mandate and mission of Defendant, BOCES.

**THIRTY-SECOND:**                    At all times hereinafter mentioned, Reitman

possessed no specialized skills and/or knowledge distinguishing him from the other employees of

Defendant, BOCES.

**THIRTY-THIRD:**                    At all times hereinafter mentioned, Reitman was

engaged by Defendant, BOCES, in his role as a school counselor and/or social worker at the

Middle School for an extended period of time, implying a relationship of a permanent nature.

**THIRTY-FOURTH:**                    At all times hereinafter mentioned, Reitman and

Defendant, BOCES, intended to engage in an employee-employer relationship.

**THIRTY-FIFTH:**                    At all times hereinafter mentioned, Reitman and

Defendant, BOCES, engaged in a contractual relationship of employment with associated

benefits.

**THIRTY-SIXTH:**                    Reitman was an employee of Defendant, BOCES,

in the year 1980.

**THIRTY-SEVENTH:**                    Reitman was an employee of Defendant, BOCES,

in the year 1981.

**THIRTY-EIGHTH:**                    Reitman was an employee of Defendant, BOCES,

in the year 1982.

5

**THIRTY-NINTH:**                    Reitman was an employee of Defendant, BOCES,

in the year 1983.

**FORTIETH:**                    Reitman was an employee of Defendant, BOCES,

in the year 1984.

**FORTY-FIRST:**                    Reitman was an employee of Defendant, BOCES,

in the year 1985.

**FORTY-SECOND:**                    Reitman was an employee of Defendant, BOCES,

in the year 1986.

**FORTY-THIRD:**                    Reitman was an employee of Defendant, BOCES,

in the year 1987.

**FORTY-FOURTH:**                    Reitman was an employee of Defendant, BOCES,

in the year 1988.

**FORTY-FIFTH:**                    Reitman was an employee of Defendant, BOCES,

in the year 1989.

**FORTY-SIXTH:**                    At all times hereinafter mentioned, the Plaintiff,

SEAN BOYLE, was a student at North Salem Middle School, hereinafter "Middle School,"

located in the Town of North Salem, County of Westchester, State of New York.

**FORTY-SEVENTH:**                    Upon information and belief, at all times hereinafter

mentioned, the Defendant, SCHOOL DISTRICT, owned Middle School, located at 230 June

Road, in the Town of North Salem, County of Westchester, State of New York.

**FORTY-EIGHTH:**                    Upon information and belief, at all times hereinafter

mentioned, the Defendant, SCHOOL DISTRICT, managed, controlled and operated Middle

6

School, located at 230 June Road, in the Town of North Salem, County of Westchester, State of New York.

**FORTY-NINTH:** Upon information and belief, at all times hereinafter mentioned, the Defendant, SCHOOL DISTRICT, controlled Middle School, located at 230 June Road, in the Town of North Salem, County of Westchester, State of New York.

**FIFTIETH:** Upon information and belief, at all times hereinafter mentioned, the Defendant, SCHOOL DISTRICT, operated Middle School, located at 230 June Road, in the Town of North Salem, County of Westchester, State of New York.

**FIFTY-FIRST:** Upon information and belief, at all times hereinafter mentioned, the Defendant, SCHOOL DISTRICT, its agents, servants, and/or employees had a duty to exercise reasonable care to protect its students and third parties from incompetent and immoral persons.

**FIFTY-SECOND:** Upon information and belief, at all times hereinafter mentioned, the Defendant, BOCES, its agents, servants, and/or employees had a duty to exercise reasonable care to protect its students and third parties from incompetent and immoral persons.

**FIFTY-THIRD:** Upon information and belief, at all times hereinafter mentioned, the Defendant, SCHOOL DISTRICT, its agents, servants and/or employees, had a duty to exercise reasonable care to protect its students and third parties from dangerous persons.

**FIFTY-FOURTH:** Upon information and belief, at all times hereinafter mentioned, the Defendant, BOCES, its agents, servants, and/or employees, had a duty to exercise reasonable care to protect its students and third parties from dangerous persons.

7

**FIFTY-FIFTH:**            Upon information and belief, at all times hereinafter mentioned, the Defendant, SCHOOL DISTRICT, its agents, servants and/or employees, had a duty to exercise reasonable care to protect its students and third parties from sexual predators.

**FIFTY-SIXTH:**            Upon information and belief, at all times hereinafter mentioned, the Defendant, BOCES, its agents, servants, and/or employees, had a duty to exercise reasonable care to protect its students and third parties from sexual predators.

**FIFTY-SEVENTH:**            Upon information and belief, at all times hereinafter mentioned, the Defendant, SCHOOL DISTRICT, its agents, servants and/or employees, owed its students such care as a parent of ordinary prudence would observe in comparable circumstances.

**FIFTY-EIGHTH:**            Upon information and belief, at all times hereinafter mentioned, the Defendant, BOCES, its agents, servants, and/or employees, owed its students such care as a parent of ordinary prudence would observe in comparable circumstances.

**FIFTY-NINTH:**            At all times hereinafter mentioned, the Defendant, SCHOOL DISTRICT, its agents, servants, and/or employees had a duty to thoroughly investigate and screen candidates seeking employment particularly in teaching and/or counseling positions.

**SIXTIETH:**            At all times hereinafter mentioned, the Defendant, BOCES, its agents, servants, and/or employees had a duty to thoroughly investigate and screen candidates seeking employment particularly in teaching and/or counseling positions.

**SIXTY-FIRST:**            At all times hereinafter mentioned, the Defendant, SCHOOL DISTRICT, its agents, servants, and/or employees had a duty to require adequate references of candidates seeking employment and to check and investigate these references for accuracy and reliability.

8

**SIXTY-SECOND:**          At all times hereinafter mentioned, the Defendant, BOCES, its agents, servants, and/or employees had a duty to require adequate references of candidates seeking employment and to check and investigate these references for accuracy and reliability.

**SIXTY-THIRD:**          At all times hereinafter mentioned, the Defendant, SCHOOL DISTRICT, its agents, servants, and/or employees had a duty to supervise and monitor its employees, administrators and officials.

**SIXTY-FOURTH:**          At all times hereinafter mentioned, the Defendant, BOCES, its agents, servants, and/or employees had a duty to supervise and monitor its employees, administrators and officials.

**SIXTY-FIFTH:**          During the years 1984 through 1987, and/or in the years prior or subsequent thereto, Reitman was hired and employed by Defendant, SCHOOL DISTRICT, in the capacity of guidance counselor and/or social worker at the Middle School located at 230 June Road in the Town of North Salem, County of Westchester, State of New York.

**SIXTY-SIXTH:**          During the years 1984 through 1987, and/or in the years prior or subsequent thereto, Reitman was hired and employed by Defendant, BOCES, in the capacity of guidance counselor and/or social worker at the Middle School located at 230 June Road in the Town of North Salem, County of Westchester, State of New York.

**SIXTY-SEVENTH:**          During the years 1984 through 1987, and/or in the years prior or subsequent thereto, the Defendant, SCHOOL DISTRICT, hired and employed Reitman in the capacity of guidance counselor and/or social worker and allowed him to start the school years at the Middle School without background checks having been completed.

9

**SIXTY-EIGHTH:** During the years 1984 through 1987, and/or in the years prior or subsequent thereto, the Defendant, BOCES, hired and employed Reitman in the capacity of guidance counselor and/or social worker and allowed him to start the school years at the Middle School without background checks having been completed.

**SIXTY-NINTH:** During the years 1984 through 1987, and/or in the years prior or subsequent thereto, the Defendant, SCHOOL DISTRICT, employed Reitman in the capacity of guidance counselor and/or social worker at the Middle School.

**SEVENTIETH:** During the years 1984 through 1987, and/or in the years prior or subsequent thereto, the Defendant, BOCES, employed Reitman in the capacity of guidance counselor and/or social worker at the Middle School.

**SEVENTY-FIRST:** During the school years 1984 through 1987, and/or in the years prior or subsequent thereto, the Plaintiff, SEAN BOYLE, was a student of the Defendant, SCHOOL DISTRICT.

**SEVENTY-SECOND:** During the school years 1984 through 1987, and/or in the years prior or subsequent thereto, the Plaintiff, SEAN BOYLE, was a student of the Defendant, BOCES.

**SEVENTY-THIRD:** During the school years 1984 through 1987, and/or in the years prior or subsequent thereto, the Plaintiff, SEAN BOYLE, was a student at the Middle School.

**SEVENTY-FOURTH:** During the school years 1984 through 1987, and/or in the years prior or subsequent thereto, complaints were made to school employees about inappropriate conduct by Reitman.

10

**SEVENTY-FIFTH:** During the school years 1984 through 1987, and/or in the years prior or subsequent thereto, complaints were made to school employees about inappropriate conduct by Reitman which occurred during school hours and while on, and off, school property.

**SEVENTY-SIXTH:** During the school years 1984 through 1987, and/or in the years prior or subsequent thereto, Reitman exhibited inappropriate conduct during school hours and while on, and off, school property.

**SEVENTY-SEVENTH:** During the school years 1984 through 1987, and/or in the years prior or subsequent thereto, complaints were made to Defendant, SCHOOL DISTRICT, its agents, servants and/or employees, administrators and officials about inappropriate sexual conduct by Reitman.

**SEVENTY-EIGHTH:** During the school years 1984 through 1987, and/or in the years prior or subsequent thereto, complaints were made to Defendant, BOCES, its agents, servants and/or employees, administrators and officials about inappropriate sexual conduct by Reitman.

**SEVENTY-NINTH:** During the school years 1984 through 1987, and/or in the years prior or subsequent thereto, complaints were made to Defendant, SCHOOL DISTRICT, its agents, servants and/or employees, administrators and officials about inappropriate sexual contact between Reitman and students.

**EIGHTIETH:** During the school years 1984 through 1987, and/or in the years prior or subsequent thereto, complaints were made to Defendant, BOCES, its agents, servants and/or employees, administrators and officials about inappropriate sexual contact between Reitman and students.

11

**EIGHTY-FIRST:** During the school years 1984 through 1987, and/or in the years prior or subsequent thereto, complaints were made to Defendant, SCHOOL DISTRICT, its agents, servants and/or employees, administrators, and officials about inappropriate conduct by Reitman, including adaptations and reconfigurations to his office involving inappropriate locking and screening mechanisms.

**EIGHTY-SECOND:** During the school years 1984 through 1987, and/or in the years prior or subsequent thereto, complaints were made to Defendant, BOCES, its agents, servants and/or employees, administrators, and officials about inappropriate conduct by Reitman, including adaptations and reconfigurations to his office involving inappropriate locking and screening mechanisms.

**EIGHTY-THIRD:** Such adaptions and reconfigurations were designed to provide inappropriate and unsupervised privacy with students.

**EIGHTY-FOURTH:** During the school years 1984 through 1987, and/or in the years prior or subsequent thereto, Reitman would remove students from Middle School grounds on excursions.

**EIGHTY-FIFTH:** During the school years 1984 through 1987, and/or in the years prior or subsequent thereto, Reitman would remove students from Middle School grounds on excursions for which the Defendant, SCHOOL DISTRICT, did not have parental permission.

**EIGHTY-SIXTH:** During the school years 1984 through 1987, and/or in the years prior or subsequent thereto, the Defendant, SCHOOL DISTRICT, its agents, servants and/or employees, administrators, and officials knew or should have known of

12

occasions upon which Reitman would remove students from Middle School grounds on excursions for which the Defendant, SCHOOL DISTRICT, did not have parental permission.

**EIGHTY-SEVENTH:**           During the school years 1984 through 1987, and/or in the years prior or subsequent thereto, complaints were made to Defendant, SCHOOL DISTRICT, its agents, servants and/or employees, administrators, and officials about occasions upon which Reitman would remove students from Middle School grounds on excursions for which the Defendant, SCHOOL DISTRICT, did not have parental permission.

**EIGHTY-EIGHTH:**           During the school years 1984 through 1987, and/or in the years prior or subsequent thereto, Reitman would remove students from Middle School grounds on excursions for which the Defendant, BOCES, did not have parental permission.

**EIGHTY-NINTH:**           During the school years 1984 through 1987, and/or in the years prior or subsequent thereto, the Defendant, BOCES, its agents, servants and/or employees, administrators, and officials knew or should have known of occasions upon which Reitman would remove students from Middle School grounds on excursions for which the Defendant, BOCES, did not have parental permission.

**NINETIETH:**           During the school years 1984 through 1987, and/or in the years prior or subsequent thereto, complaints were made to Defendant, BOCES, its agents, servants and/or employees, administrators, and officials about occasions upon which Reitman would remove students from Middle School grounds on excursions for which the Defendant, BOCES, did not have parental permission.

**NINETY-FIRST:**           During such excursions from Middle School grounds mentioned in the preceding allegation, Reitman was in exclusive control of these

13

Case 7:19-cv-08577-VB   Document 6-1   Filed 09/18/19   Page 16 of 44

students without supervision, allowing Reitman to engage in sexual misconduct with these students.

**NINETY-SECOND:**                    During the school years 1984 through 1987, and/or in the years prior or subsequent thereto, the Defendant, SCHOOL DISTRICT, its agents, servants and/or employees, administrators and officials witnessed inappropriate sexual conduct by Reitman.

**NINETY-THIRD:**                    During the school years 1984 through 1987, and/or in the years prior or subsequent thereto, the Defendant, BOCES, its agents, servants and/or employees, administrators and officials witnessed inappropriate sexual conduct by Reitman.

**NINETY-FOURTH:**                    During the school years 1984 through 1987, and/or in the years prior or subsequent thereto, the Defendant, SCHOOL DISTRICT, its agents, servants and/or employees, administrators and officials witnessed inappropriate sexual contact between Reitman and students.

**NINETY-FIFTH:**                    During the school years 1984 through 1987, and/or in the years prior or subsequent thereto, the Defendant, BOCES, its agents, servants and/or employees, administrators and officials witnessed inappropriate sexual contact between Reitman and students.

**NINETY-SIXTH:**                    During the school years 1984 through 1987, and/or in the years prior or subsequent thereto, the Defendant, SCHOOL DISTRICT, its agents, servants and/or employees, administrators and officials supported and endorsed inappropriate conduct by Reitman by allowing aforementioned adaptations and reconfigurations of his office to occur.

14

**NINETY-SEVENTH:** During the school years 1984 through 1987, and/or in the years prior or subsequent thereto, the Defendant, BOCES, its agents, servants and/or employees, administrators and officials supported and endorsed inappropriate conduct by Reitman by allowing aforementioned adaptations and reconfigurations of his office to occur.

**NINETY-EIGHTH:** During the school years 1984 through 1987, and/or in the years prior or subsequent thereto, the Defendant, SCHOOL DISTRICT, its agents, servants and/or employees, administrators and officials supported and endorsed inappropriate conduct by Reitman by allowing aforementioned unsupervised excursions with students, including Plaintiff, SEAN BOYLE.

**NINETY-NINTH:** During the school years 1984 through 1987, and/or in the years prior or subsequent thereto, the Defendant, BOCES, its agents, servants and/or employees, administrators and officials supported and endorsed inappropriate conduct by Reitman by allowing aforementioned unsupervised excursions with students, including Plaintiff, SEAN BOYLE.

**ONE HUNDREDTH:** During the years 1984 through 1987, and/or in the years prior or subsequent thereto, the Defendant, SCHOOL DISTRICT, had customs, policies, practices and procedures of permitting Reitman to have unsupervised secured privacy with students.

**ONE HUNDRED FIRST:** During the years 1984 through 1987, and/or in the years prior or subsequent thereto, the Defendant, BOCES, had customs, policies, practices and procedures of permitting Reitman to have unsupervised secured privacy with students.

**ONE HUNDRED SECOND:** During the years 1984 through 1987, and/or in the years prior or subsequent thereto, the Defendant, SCHOOL DISTRICT, its agents, servants

15

and/or employees, administrators and officials failed to report the aforementioned complaints and conduct.

**ONE HUNDRED THIRD:**    During the years 1984 through 1987, and/or in the years prior or subsequent thereto, the Defendant, BOCES, its agents, servants and/or employees, administrators and officials failed to report the aforementioned complaints and conduct.

**ONE HUNDRED FOURTH:**    During the years 1984 through 1987, and/or in the years prior or subsequent thereto, Defendant, SCHOOL DISTRICT, its agents, servants and/or employees, administrators and officials failed to investigate the aforementioned complaints and conduct.

**ONE HUNDRED FIFTH:**    During the years 1984 through 1987, and/or in the years prior or subsequent thereto, Defendant, BOCES, its agents, servants and/or employees, administrators and officials failed to investigate the aforementioned complaints and conduct.

**ONE HUNDRED SIXTH:**    During the years 1984 through 1987, and/or in the years prior or subsequent thereto, Defendant, SCHOOL DISTRICT, its agents, servants and/or employees, administrators and officials ignored the aforementioned complaints and conduct.

**ONE HUNDRED SEVENTH:**    During the years 1984 through 1987, and/or in the years prior or subsequent thereto, Defendant, BOCES, its agents, servants and/or employees, administrators and officials ignored the aforementioned complaints and conduct.

**ONE HUNDRED EIGHTH:**    During the years 1984 through 1987, and/or in the years prior or subsequent thereto, Defendant, SCHOOL DISTRICT, its agents, servants and/or employees, administrators and officials were negligent in enabling and facilitating such conduct by Reitman.

16

**ONE HUNDRED NINTH:**            During the years 1984 through 1987, and/or in the years prior or subsequent thereto, Defendant, BOCES, its agents, servants and/or employees, administrators and officials were negligent in enabling and facilitating such conduct by Reitman.

**ONE HUNDRED TENTH:**            During the years 1984 through 1987, and/or in the years prior or subsequent thereto, Defendant, SCHOOL DISTRICT, its agents, servants and/or employees, administrators and officials were negligent in allowing such conduct to persist.

**ONE HUNDRED ELEVENTH:**            During the years 1984 through 1987, and/or in the years prior or subsequent thereto, Defendant, BOCES, its agents, servants and/or employees, administrators and officials were negligent in allowing such conduct to persist.

**ONE HUNDRED TWELFTH:**            During the years 1984 through 1987, and/or in the years prior or subsequent thereto, Defendant, SCHOOL DISTRICT, its agents, servants and/or employees, administrators and officials acted wantonly, recklessly and were grossly negligent in allowing such conduct to persist.

**ONE HUNDRED THIRTEENTH:**            During the years 1984 through 1987, and/or in the years prior or subsequent thereto, Defendant, BOCES, its agents, servants and/or employees, administrators and officials acted wantonly, recklessly and were grossly negligent in allowing such conduct to persist.

**ONE HUNDRED FOURTEENTH:**            During the years 1984 through 1987, and/or in the years prior or subsequent thereto, while on the premises of the Middle School, Reitman sexually assaulted and molested the Plaintiff, SEAN BOYLE, causing serious and permanent personal and psychological injuries.

17

Case 7:19-cv-08577-VB   Document 6-1   Filed 09/18/19   Page 20 of 44

**ONE HUNDRED FIFTEENTH:** During the years 1984 and 1987, while in his office on the premises of Defendant, SCHOOL DISTRICT, at the Middle School, Reitman sexually assaulted and molested the Plaintiff, SEAN BOYLE, causing serious and permanent personal and psychological injuries.

**ONE HUNDRED SIXTEENTH:** Said assault and molestation of Plaintiff, SEAN BOYLE, occurred during the course of the school day on the premises of the Middle School.

**ONE HUNDRED SEVENTEENTH:** At such time, when said assault and molestation occurred, the Defendant, SCHOOL DISTRICT, was serving in capacity of "*In Locus Parenti.*"

**ONE HUNDRED EIGHTEENTH:** At such time, when said assault and molestation occurred, the Defendant, BOCES, was serving in capacity of "*In Locus Parenti.*"

**ONE HUNDRED NINETEENTH:** The Defendant, SCHOOL DISTRICT, is responsible for the aforesaid actions and conduct of its employee, Reitman, undertaken during the course of school and on the premises of the SCHOOL DISTRICT.

**ONE HUNDRED TWENTIETH:** The Defendant, BOCES, is responsible for the aforesaid actions and conduct of its employee, Reitman, undertaken during the course of school.

**ONE HUNDRED TWENTY-FIRST:** During the years 1984 through 1987, and/or in the years prior or subsequent thereto, Defendant, SCHOOL DISTRICT, its agents, servants and/or employees, administrators and officials had knowledge of the sexual assault and molestation of the Plaintiff, SEAN BOYLE, by Reitman.

18

**ONE HUNDRED TWENTY-SECOND:**   During the years 1984 through 1987, and/or in the years prior or subsequent thereto, Defendant, BOCES, its agents, servants and/or employees, administrators and officials had knowledge of the sexual assault and molestation of the Plaintiff, SEAN BOYLE, by Reitman.

**ONE HUNDRED TWENTY-THIRD:**   During the years 1984 through 1987, and/or in the years prior or subsequent thereto, Defendant, SCHOOL DISTRICT, its agents, servants and/or employees, administrators and officials knew or should have known of the sexual assault and molestation of the Plaintiff, SEAN BOYLE, by Reitman.

**ONE HUNDRED TWENTY-FOURTH:**   During the years 1984 through 1987, and/or in the years prior or subsequent thereto, Defendant, BOCES, its agents, servants and/or employees, administrators and officials knew or should have known of the sexual assault and molestation of the Plaintiff, SEAN BOYLE, by Reitman.

**ONE HUNDRED TWENTY-FIFTH:**   By holding Reitman out as safe to work with children, and by undertaking the custody, supervision of, and/or care of the minor Plaintiff, the Defendant, SCHOOL DISTRICT, entered into a special relationship with the minor Plaintiff. As a result of Plaintiff being a minor, and by Defendant's undertaking the care and guidance of the then vulnerable Plaintiff, Plaintiff was uniquely vulnerable, without his parents and incapable of self- protection.

**ONE HUNDRED TWENTY-SIXTH:**   By holding Reitman out as safe to work with children, and by undertaking the custody, supervision of, and/or care of the minor Plaintiff, the Defendant, BOCES, entered into a special relationship with the minor Plaintiff. As a result of Plaintiff being a minor, and by Defendant's undertaking the care and guidance of the then

19

vulnerable Plaintiff, Plaintiff was uniquely vulnerable, without his parents and incapable of self-protection.

**ONE HUNDRED TWENTY-SEVENTH:**        At all times hereinafter mentioned, the Defendant, SCHOOL DISTRICT, by holding themselves out as being able to provide a safe environment for children, solicited and/or accepted this position of empowerment. This empowerment prevented the Plaintiff from effectively protecting himself, and Defendants thus entered into a special relationship with Plaintiff. By holding themselves out as a safe, moral, and trusted institution to Plaintiff's parents, Defendants induced Plaintiff's parents to entrust their child to Defendants and thereby deprived Plaintiff of the protection of his family.

**ONE HUNDRED TWENTY-EIGHTH:**        At all times hereinafter mentioned, the Defendant, BOCES, by holding themselves out as being able to provide a safe environment for children, solicited and/or accepted this position of empowerment. This empowerment prevented the Plaintiff from effectively protecting himself, and Defendants thus entered into a special relationship with Plaintiff. By holding themselves out as a safe, moral, and trusted institution to Plaintiff's parents, Defendants induced Plaintiff's parents to entrust their child to Defendants and thereby deprived Plaintiff of the protection of his family.

**ONE HUNDRED TWENTY-NINTH:**        At all times hereinafter mentioned, the Defendant, SCHOOL DISTRICT, allowed Reitman to have unsupervised and unlimited access to minor children, at North Salem Middle School, located at the time 230 June Road, in the Town of North Salem, County of Westchester, State of New York.

**ONE HUNDRED THIRTIETH:**        At all times hereinafter mentioned, the Defendant, BOCES, allowed Reitman to have unsupervised and unlimited access to minor

20

children, at North Salem Middle School, located at the time 230 June Road, in the Town of

North Salem, County of Westchester, State of New York.

**ONE HUNDRED THIRTY-FIRST:**     At all times hereinafter mentioned, Reitman

remained under the direct supervision, employment, and control of the Defendant, SCHOOL

DISTRICT.

**ONE HUNDRED THIRTY-SECOND:**     At all times hereinafter mentioned, Reitman

remained under the direct supervision, employment, and control of the Defendant, BOCES.

**ONE HUNDRED THIRTY-THIRD:**     Upon information and belief, before Plaintiff

was sexually abused by Reitman, the Defendant, SCHOOL DISTRICT, had actual and/or

constructive knowledge of material facts regarding Reitman's sexual misconduct, impulses, and

behavior.

**ONE HUNDRED THIRTY-FOURTH:**     Upon information and belief, before Plaintiff

was sexually abused by Reitman, the Defendant, BOCES, had actual and/or constructive

knowledge of material facts regarding Reitman's sexual misconduct, impulses, and behavior.

**ONE HUNDRED THIRTY-FIFTH:**     Despite clear indications of danger, the

Defendant, SCHOOL DISTRICT, took no steps to discover the specific nature of Reitman's

problems or to determine whether he was fit to work with children or to protect children from

him, thereby increasing the likelihood that Plaintiff would be harmed.

**ONE HUNDRED THIRTY-SIXTH:**     Despite clear indications of danger, the

Defendant, BOCES, took no steps to discover the specific nature of Reitman's problems or to

determine whether he was fit to work with children or to protect children from him, thereby

increasing the likelihood that Plaintiff would be harmed.

21

**ONE HUNDRED THIRTY-SEVENTH:**    At all times hereinafter mentioned, the Defendant, SCHOOL DISTRICT, held Reitman out as a qualified Social Worker and undertook the guidance of Plaintiff. The Archbishop exercised a direct role over Plaintiff. Accordingly, Plaintiff placed trust in Defendants so that Defendants and their agents gained superiority and influence over Plaintiff. Defendants entered into a special relationship with the Plaintiff and his family.

**ONE HUNDRED THIRTY-EIGHTH:**    At all times hereinafter mentioned, Defendant, BOCES, held Reitman out as a qualified Social Worker and undertook the guidance of Plaintiff. The Archbishop exercised a direct role over Plaintiff. Accordingly, Plaintiff placed trust in Defendants so that Defendants and their agents gained superiority and influence over Plaintiff. Defendants entered into a special relationship with the Plaintiff and his family.

**ONE HUNDRED THIRTY-NINTH:**    At all times hereinafter mentioned, the Defendant, SCHOOL DISTRICT, owed Plaintiff a duty of reasonable care because it assumed duties owed to Plaintiff and had superior knowledge about the risk that Reitman posed to Plaintiff, the risk of abuse in general in its programs, and/ or risks that their facilities posed to minor children. Defendants had the duty to protect the Plaintiff.

**ONE HUNDRED FORTIETH:**    At all times hereinafter mentioned, the Defendant, BOCES, owed Plaintiff a duty of reasonable care because it assumed duties owed to Plaintiff and had superior knowledge about the risk that Reitman posed to Plaintiff, the risk of abuse in general in its programs, and/ or risks that their facilities posed to minor children. Defendants had the duty to protect the Plaintiff.

Case 7:19-cv-08577-VB   Document 6-1   Filed 09/18/19   Page 25 of 44

**ONE HUNDRED FORTY-FIRST:**      At all times hereinafter mentioned, the Defendant, SCHOOL DISTRICT, owed Plaintiff a duty of reasonable care because they undertook custody of minor children, including Plaintiff.

**ONE HUNDRED FORTY-SECOND:**      At all times hereinafter mentioned, the Defendant, BOCES, owed Plaintiff a duty of reasonable care because they undertook custody of minor children, including Plaintiff.

**ONE HUNDRED FORTY-THIRD:**      At all times hereinafter mentioned, the Defendant, SCHOOL DISTRICT, owed Plaintiff a duty of reasonable care because they held out its agents including Reitman as safe to work with children.

**ONE HUNDRED FORTY-FOURTH:**      At all times hereinafter mentioned, the Defendant, BOCES, owed Plaintiff a duty of reasonable care because they held out its agents including Reitman as safe to work with children.

**ONE HUNDRED FORTY-FIFTH:**      At all times hereinafter mentioned, the Defendant, SCHOOL DISTRICT, had a duty to Plaintiff to protect him from harm because Defendant's actions created a foreseeable risk of harm to Plaintiff.

**ONE HUNDRED FORTY-SIXTH:**      At all times hereinafter mentioned, the Defendant, BOCES, had a duty to Plaintiff to protect him from harm because Defendant's actions created a foreseeable risk of harm to Plaintiff.

**ONE HUNDRED FORTY-SEVENTH:**      At all times hereinafter mentioned, the Defendant, SCHOOL DISTRICT, breached their duties by exposing Plaintiff to a known pedophile.

**ONE HUNDRED FORTY-EIGHTH:**      At all times hereinafter mentioned, the Defendant, BOCES, breached their duties by exposing Plaintiff to a known pedophile.

23

Case 7:19-cv-08577-VB   Document 6-1   Filed 09/18/19   Page 26 of 44

**ONE HUNDRED FORTY-NINTH:**     At all times hereinafter mentioned, the Defendant, SCHOOL DISTRICT, breached their duties by exposing Plaintiff to a Social Worker Defendants knew or should have been known as a pedophile.

**ONE HUNDRED FIFTIETH:**     At all times hereinafter mentioned, the Defendant, BOCES, breached their duties by exposing Plaintiff to a Social Worker Defendants knew or should have been known as a pedophile.

**ONE HUNDRED FIFTY-FIRST:**     At all times hereinafter mentioned, the Defendant, SCHOOL DISTRICT, breached their duties by recruiting, hiring, and maintaining Reitman in a position of authority over children.

**ONE HUNDRED FIFTY-SECOND:**     At all times hereinafter mentioned, the Defendant, BOCES, breached their duties by recruiting, hiring, and maintaining Reitman in a position of authority over children.

**ONE HUNDRED FIFTY-THIRD:**     At all times hereinafter mentioned, the Defendant, SCHOOL DISTRICT, breached their duties by exposing Reitman to children.

**ONE HUNDRED FIFTY-FOURTH:**     At all times hereinafter mentioned, the Defendant, BOCES, breached their duties by exposing Reitman to children.

**ONE HUNDRED FIFTY-FIFTH:**     At all times hereinafter mentioned, the Defendant, SCHOOL DISTRICT, breached their duties by leaving Reitman alone with children unsupervised.

**ONE HUNDRED FIFTY-SIXTH:**     At all times hereinafter mentioned, the Defendant, BOCES, breached their duties by leaving Reitman alone with children unsupervised.

Case 7:19-cv-08577-VB   Document 6-1   Filed 09/18/19   Page 27 of 44

**ONE HUNDRED FIFTY-SEVENTH:** At all times hereinafter mentioned, the Defendant, SCHOOL DISTRICT, breached their duties by inducing Plaintiff and his parents to entrust Plaintiff to Reitman.

**ONE HUNDRED FIFTY-EIGHTH:** At all times hereinafter mentioned, the Defendant, BOCES, breached their duties by inducing Plaintiff and his parents to entrust Plaintiff to Reitman.

**ONE HUNDRED FIFTY-NINTH:** At all times hereinafter mentioned, the Defendant, SCHOOL DISTRICT, breached their duties by failing to follow policies and procedures designed to prevent child sex abuse and/ or failing to implement sufficient policies and procedures to prevent child sex abuse.

**ONE HUNDRED SIXTIETH:** At all times hereinafter mentioned, the Defendant, BOCES, breached their duties by failing to follow policies and procedures designed to prevent child sex abuse and/ or failing to implement sufficient policies and procedures to prevent child sex abuse.

**ONE HUNDRED SIXTY-FIRST:** At all times hereinafter mentioned, the Defendant, SCHOOL DISTRICT, breached their duties by failing to take reasonable measures to make sure that policies and procedures to prevent child sex abuse were working.

**ONE HUNDRED SIXTY-SECOND:** At all times hereinafter mentioned, the Defendant, BOCES, breached their duties by failing to take reasonable measures to make sure that policies and procedures to prevent child sex abuse were working.

**ONE HUNDRED SIXTY-THIRD:** At all times hereinafter mentioned, the Defendant, SCHOOL DISTRICT, breached their duties by failing to investigate risks of child molestation.

25

**ONE HUNDRED SIXTY-FOURTH:**     At all times hereinafter mentioned, the Defendant, BOCES, breached their duties by failing to investigate risks of child molestation.

**ONE HUNDRED SIXTY-FIFTH:**     At all times hereinafter mentioned, the Defendant, SCHOOL DISTRICT, breached their duties by failing to have any outside agency test their safety procedures.

**ONE HUNDRED SIXTY-SIXTH:**     At all times hereinafter mentioned, the Defendant, BOCES, breached their duties by failing to have any outside agency test their safety procedures.

**ONE HUNDRED SIXTY-SEVENTH:**     At all times hereinafter mentioned, the Defendant, SCHOOL DISTRICT, breached their duties by failing to protect the children in their programs from child sex abuse; failing to adhere to the applicable standard of care for child safety

**ONE HUNDRED SIXTY-EIGHTH:**     At all times hereinafter mentioned, the Defendant, BOCES, breached their duties by failing to protect the children in their programs from child sex abuse; failing to adhere to the applicable standard of care for child safety

**ONE HUNDRED SIXTY-NINTH:**     At all times hereinafter mentioned, the Defendant, SCHOOL DISTRICT, breached their duties by failing to respond to and/or investigate information of improper conduct of employee or agent with children, including Reitman.

**ONE HUNDRED SEVENTIETH:**     At all times hereinafter mentioned, the Defendant, BOCES, breached their duties by failing to respond to and/or investigate information of improper conduct of employee or agent with children, including Reitman.

26

**ONE HUNDRED SEVENTY-FIRST:** At all times hereinafter mentioned, the Defendant, SCHOOL DISTRICT, breached their duties by failing to properly train their employees to identify signs of child molestation by fellow employees.

**ONE HUNDRED SEVENTY-SECOND:** At all times hereinafter mentioned, the Defendant, BOCES, breached their duties by failing to properly train their employees to identify signs of child molestation by fellow employees.

**ONE HUNDRED SEVENTY-THIRD:** At all times hereinafter mentioned, the Defendant, SCHOOL DISTRICT, breached their duty of care by recruiting, hiring, and maintaining Reitman at their facilities.

**ONE HUNDRED SEVENTY-FOURTH:** At all times hereinafter mentioned, the Defendant, BOCES, breached their duty of care by recruiting, hiring, and maintaining Reitman at their facilities.

**ONE HUNDRED SEVENTY-FIFTH:** At all times hereinafter mentioned, the Defendant, SCHOOL DISTRICT, breached their duty of care by holding out their facilities as a safe place for children, which they were not.

**ONE HUNDRED SEVENTY-SIXTH:** At all times hereinafter mentioned, the Defendant, BOCES, breached their duty of care by holding out their facilities as a safe place for children, which they were not.

**ONE HUNDRED SEVENTY-SEVENTH:** At all times hereinafter mentioned, the Defendant, SCHOOL DISTRICT, breached their duty of care by failing to have sufficient policies and procedures to prevent abuse at their facilities.

**ONE HUNDRED SEVENTY-EIGHTH:** At all times hereinafter mentioned, the Defendant, BOCES, breached their duty of care by failing to have sufficient policies and procedures to prevent abuse at their facilities.

**ONE HUNDRED SEVENTY-NINTH:** At all times hereinafter mentioned, the Defendant, SCHOOL DISTRICT, breached their duty of care by failing to investigate risks at their facilities.

**ONE HUNDRED EIGHTIETH:** At all times hereinafter mentioned, the Defendant, BOCES, breached their duty of care by failing to investigate risks at their facilities.

**ONE HUNDRED EIGHTY-FIRST:** At all times hereinafter mentioned, the Defendant, SCHOOL DISTRICT, created a master- servant relationship with Reitman, employing him to interact and supervise children participating in programs at Middle School.

**ONE HUNDRED EIGHTY-SECOND:** At all times hereinafter mentioned, the Defendant, BOCES, created a master- servant relationship with Reitman, employing him to interact and supervise children participating in programs at Middle School.

**ONE HUNDRED EIGHTY-THIRD:** The unwanted contact by Reitman, upon Plaintiff, occurred during his regular working hours and at the place of his employment with Defendant, SCHOOL DISTRICT, while performing duties of a Social Worker on behalf of his employers.

**ONE HUNDRED EIGHTY-FOURTH:** The unwanted contact by Reitman, upon Plaintiff, occurred during his regular working hours and at the place of his employment with Defendant, BOCES, while performing duties of a Social Worker on behalf of his employers.

**ONE HUNDRED EIGHTY-FIFTH:** The sexual contact by Reitman occurred in the course and scope of his employment with Defendant, SCHOOL DISTRICT.

28

**ONE HUNDRED EIGHTY-SIXTH:** The sexual contact by Reitman occurred in the course and scope of his employment with Defendant, BOCES.

**ONE HUNDRED EIGHTY-SEVENTH:** The sexual contact by Reitman was generally foreseeable to Defendant, SCHOOL DISTRICT.

**ONE HUNDRED EIGHTY-EIGHTH:** The sexual contact by Reitman was generally foreseeable to Defendant, SCHOOL BOCES.

**ONE HUNDRED EIGHTY-NINTH:** The Defendant, SCHOOL DISTRICT, was negligent and careless in hiring, retaining and supervising Reitman; ignoring, condoning, enabling, facilitating inappropriate conduct and inappropriate sexual contact and conduct by Reitman; failing to report the aforementioned complaints and conduct, failing to remedy the aforementioned complaints and conduct; and in allowing such conduct to persist.

**ONE HUNDRED NINETIETH:** At all times hereinafter mentioned, the Defendant, BOCES, was negligent and careless in hiring, retaining and supervising Reitman; ignoring, condoning, enabling, facilitating inappropriate conduct and inappropriate sexual contact and conduct by Reitman; failing to report the aforementioned complaints and conduct, failing to remedy the aforementioned complaints and conduct; and in allowing such conduct to persist.

**ONE HUNDRED NINETY-FIRST:** The Plaintiff, SEAN BOYLE's, injuries were due to the negligence and carelessness of the Defendant, SCHOOL DISTRICT, its agents, servants and/or employees as outlined above by negligently and carelessly hiring, retaining and supervising Reitman thereby enabling the sexual assault and molestation of the Plaintiff, SEAN BOYLE, all without any negligence on the part of the Plaintiff, SEAN BOYLE, contributing thereto.

29

**ONE HUNDRED NINETY-SECOND:** The Plaintiff, SEAN BOYLE's, injuries were due to the negligence and carelessness of the Defendant, BOCES, its agents, servants and/or employees as outlined above by negligently and carelessly hiring, retaining and supervising Reitman thereby enabling the sexual assault and molestation of the Plaintiff, SEAN BOYLE, all without any negligence on the part of the Plaintiff, SEAN BOYLE, contributing thereto.

**ONE HUNDRED NINETY-THIRD:** The aforementioned conduct of the Defendants herein, one, or both of them, their agents, servants and/or employees, was committed in willful, wanton, reckless, and total disregard to the rights, safety, and wellbeing of the Plaintiff, entitling Plaintiff to an award of punitive damages, and claim is made therefor.

**ONE HUNDRED NINETY-FOURTH:** This action falls within one or more exceptions set forth in the Civil Practice Laws and Rules § 1602.

**ONE HUNDRED NINETY-FIFTH:** As a result of the foregoing, the Plaintiff, SEAN BOYLE, was caused to suffer damages in an amount of money that exceeds the monetary jurisdiction of all other Courts.

**AS AND FOR A SECOND CAUSE OF ACTION**

**ONE HUNDRED NINETY-SIXTH:** Plaintiff repeats and reiterates each and every allegation set forth in the FIRST CAUSE OF ACTION, inclusive with the same force and effect as if more fully set forth herein.

**ONE HUNDRED NINETY-SEVENTH:** The Defendant, SCHOOL DISTRICT, its agents, servants and/or employees were negligent in the hiring, retention and supervision of Reitman, thereby enabling the sexual assault and molestation of the Plaintiff, SEAN BOYLE.

**ONE HUNDRED NINETY-EIGHTH:** Defendant, BOCES, its agents, servants

30

and/or employees were negligent in the hiring, retention and supervision of Reitman, thereby enabling the sexual assault and molestation of the Plaintiff, SEAN BOYLE.

**ONE HUNDRED NINETY-NINTH:** As a result of the negligence and carelessness of the Defendant, SCHOOL DISTRICT, its agents, servants, and/or employees, the Plaintiff, SEAN BOYLE, was caused to suffer severe and lasting emotional anxiety and distress.

**TWO HUNDREDTH:** As a result of the negligence and carelessness of the Defendant, BOCES, its agents, servants, and/or employees, the Plaintiff, SEAN BOYLE, was caused to suffer severe and lasting emotional anxiety and distress.

**TWO HUNDRED FIRST:** As a result of the negligence and carelessness of the Defendant, SCHOOL DISTRICT, its agents, servants and/or employees, the Plaintiff, SEAN BOYLE, was caused to suffer severe and lasting emotional anxiety and distress and will continue to suffer from said anxiety and distress indefinitely into the future all without any negligence on the part of the Plaintiff, SEAN BOYLE, contributing thereto.

**TWO HUNDRED SECOND:** As a result of the negligence and carelessness of the Defendant, BOCES, its agents, servants and/or employees, the Plaintiff, SEAN BOYLE, was caused to suffer severe and lasting emotional anxiety and distress and will continue to suffer from said anxiety and distress indefinitely into the future all without any negligence on the part of the Plaintiff, SEAN BOYLE, contributing thereto.

**TWO HUNDRED THIRD:** As a result, the Plaintiff, SEAN BOYLE, was caused to suffer damages in an amount of money that exceeds the monetary jurisdiction of all other Courts.

## AS AND FOR A THIRD CAUSE OF ACTION

**TWO HUNDRED FOURTH:** Plaintiff repeats and reiterates each and

31

every allegation set forth in the FIRST and SECOND CAUSES OF ACTION, inclusive with the same force and effect as if more fully set forth herein.

**TWO HUNDRED FIFTH:** During the years 1984 through 1987, and/or in the years prior or subsequent thereto, Reitman, a public-school counselor and/or social worker, was acting under the color of state law during his employment as counselor and/or social work at the Middle School.

**TWO HUNDRED SIXTH:** During all times herein mentioned, the Plaintiff, SEAN BOYLE, had a constitutional protection against state intrusions on personal security and bodily integrity.

**TWO HUNDRED SEVENTH:** During all times herein mentioned, the Plaintiff, SEAN BOYLE, had a constitutional right to be free from sexual assault and molestation by a public school and/or state employee/official.

**TWO HUNDRED EIGHTH:** Upon information and belief, at all times herein mentioned, the Defendant, SCHOOL DISTRICT, is and was responsible for the implementation of the customs, policies, practices and procedures for the management, hiring, retention, supervision and training of school employees, administrators and officials.

**TWO HUNDRED NINTH:** Upon information and belief, at all times herein mentioned, the Defendant, BOCES, is and was responsible for the implementation of the customs, policies, practices and procedures for the management, hiring, retention, supervision and training of school employees, administrators and officials.

**TWO HUNDRED TENTH:** At all times hereinafter mentioned, the Defendant, SCHOOL DISTRICT, had notice of such a pattern of, or substantial risk

32

of, sexual assault and molestation as evidenced by the conduct of Reitman–a school district employee.

**TWO HUNDRED ELEVENTH:** At all times hereinafter mentioned, the Defendant, BOCES, had notice of such a pattern of, or substantial risk of, sexual assault and molestation as evidenced by the conduct of Reitman–a Board of Cooperative Education employee.

**TWO HUNDRED TWELFTH:** At all times hereinafter mentioned, the Defendant, SCHOOL DISTRICT, was deliberately indifferent to known facts which demonstrated an unreasonable risk to the safety of the Plaintiff, SEAN BOYLE, and other students.

**TWO HUNDRED THIRTEENTH:** At all times hereinafter mentioned, the Defendant, BOCES, was deliberately indifferent to known facts which demonstrated an unreasonable risk to the safety of the Plaintiff, SEAN BOYLE, and other students.

**TWO HUNDRED FOURTEENTH:** At all times hereinafter mentioned, the Defendant, SCHOOL DISTRICT, was negligently indifferent to known facts which demonstrated an unreasonable risk to the safety of the Plaintiff, SEAN BOYLE, and other students.

**TWO HUNDRED FIFTEENTH:** At all times hereinafter mentioned, the Defendant, BOCES, was negligently indifferent to known facts which demonstrated an unreasonable risk to the safety of the Plaintiff, SEAN BOYLE, and other students.

**TWO HUNDRED SIXTEENTH:** As a result of the foregoing, the Plaintiff, SEAN BOYLE, has been deprived of his constitutional right to personal security and bodily integrity.

33

**TWO HUNDRED SEVENTEENTH:** The Defendant, SCHOOL District's, aforementioned customs, policies, practices and procedures caused and/or resulted in the depravation of the Plaintiff, SEAN BOYLE's constitutional right to personal security and bodily integrity.

**TWO HUNDRED EIGHTEENTH:** The Defendant, BOCES's aforementioned customs, policies, practices and procedures caused and/or resulted in the depravation of the Plaintiff, SEAN BOYLE's constitutional right to personal security and bodily integrity.

**TWO HUNDRED NINETEENTH:** As a result of the foregoing, the Plaintiff, SEAN BOYLE, demands relief under 42 USC 1983 for violation of his rights under the Due Process Clause of the United States Constitution.

**TWO HUNDRED TWENTIETH:** As a result of the foregoing, the Plaintiff, SEAN BOYLE, was caused to suffer damages in an amount of money that exceeds the monetary jurisdiction of all other Courts.

### AS AND FOR A FOURTH CAUSE OF ACTION

**TWO HUNDRED TWENTY-FIRST:** Plaintiff repeats, reiterates and re alleges each and every allegation set forth in the FIRST, SECOND and THIRD CAUSES OF ACTION, inclusive with the same force and effect as if more fully set forth herein.

**TWO HUNDRED TWENTY-SECOND:** At all times hereinafter mentioned the Defendants herein, one, some or all of them, their agents, servants, and/or employees, negligently inflicted emotional distress on the Plaintiff, SEAN BOYLE.

**TWO HUNDRED TWENTY-THIRD:** At all times hereinafter mentioned, the Defendants herein, had a duty to protect the Plaintiff, SEAN BOYLE, from harm.

34

**TWO HUNDRED TWENTY-FOURTH:**          At all times hereinafter mentioned, the Defendants herein, had a duty to protect the Plaintiff, SEAN BOYLE, from sexual predators.

**TWO HUNDRED TWENTY-FIFTH:**          At all times hereinafter mentioned, the Defendants herein, had a duty to protect the Plaintiff, SEAN BOYLE, from molestation.

**TWO HUNDRED TWENTY-SIXTH:**          At all times hereinafter mentioned, the Plaintiff, SEAN BOYLE, was sexually assaulted and molested while under the care and supervision of the Defendants herein.

**TWO HUNDRED TWENTY-SEVENTH:**          At all times hereinafter mentioned, the Defendants herein breached the duty they owed to the Plaintiff, SEAN BOYLE, when he was sexually assaulted and molested while under the care and supervision of the Defendants herein.

**TWO HUNDRED TWENTY-EIGHTH:**          At all times hereinafter mentioned, the Defendants herein breached the duty they owed to the Plaintiff, SEAN BOYLE, when they failed to protect him from harm.

**TWO HUNDRED TWENTY-NINTH:**          At all times hereinafter mentioned, the Defendants herein breached the duty they owed to the Plaintiff, SEAN BOYLE, when they failed to protect him from sexual predators.

**TWO HUNDRED THIRTIETH:**          At all times hereinafter mentioned, the Defendants herein breached the duty they owed to the Plaintiff, SEAN BOYLE, when they failed to protect him from molestation.

**TWO HUNDRED THIRTY-FIRST:**          At all times hereinafter mentioned, the Plaintiff, SEAN BOYLE, suffered emotional harm as a direct result of the breach of duty perpetrated by the Defendants herein.

**TWO HUNDRED THIRTY-SECOND:**          At all times hereinafter mentioned,

35

the Plaintiff, SEAN BOYLE, suffered emotional harm as a direct result of the Defendants herein failing to protect him from harm.

**TWO HUNDRED THIRTY-THIRD:** At all times hereinafter mentioned, the Plaintiff, SEAN BOYLE, suffered emotional harm as a direct result of the Defendants herein failing to protect him from sexual predators.

**TWO HUNDRED THIRTY-FOURTH:** At all times hereinafter mentioned, the Plaintiff, SEAN BOYLE, suffered emotional harm as a direct result of the Defendants herein failing to protect him from molestation.

**TWO HUNDRED THIRTY-FIFTH:** At all times hereinafter mentioned, the Defendants herein knew or should have known that they employed a sexual predator.

**TWO HUNDRED THIRTY-SIXTH:** At all times hereinafter mentioned, the Defendants herein exposed the Plaintiff, SEAN BOYLE, to a sexual predator.

**TWO HUNDRED THIRTY-SEVENTH:** At all times hereinafter mentioned, it was foreseeable that the Plaintiff would suffer emotional harm as a direct result of the Defendants herein failing to protect him from harm.

**TWO HUNDRED THIRTY-EIGHTH:** At all times hereinafter mentioned, it was foreseeable that the Plaintiff would suffer emotional harm as a direct result of the Defendants herein failing to protect him from a sexual predator.

**TWO HUNDRED THIRTY-NINTH:** At all times hereinafter mentioned, the Plaintiff, SEAN BOYLE, suffered emotional harm as a direct result of the Defendants herein failing to protect him from molestation.

**TWO HUNDRED FORTIETH:** At all times hereinafter mentioned,

36

The Plaintiff, SEAN BOYLE, genuinely suffered emotional harm as a direct result of the Defendants herein failing to protect him from harm.

**TWO HUNDRED FORTY-FIRST:** At all times hereinafter mentioned, the Plaintiff, SEAN BOYLE, genuinely suffered emotional harm as a direct result of the Defendants herein failing to protect him from a sexual predator.

**TWO HUNDRED FORTY-SECOND:** At all times hereinafter mentioned, the Plaintiff, SEAN BOYLE, genuinely suffered emotional harm as a direct result of the Defendants herein failing to protect him from molestation.

**TWO HUNDRED FORTY-THIRD:** At all times hereinafter mentioned the Plaintiff, SEAN BOYLE, feared for his own safety as a direct result of the Defendants herein, one, some or all of them, their agents, servants, and/or employees, failing to protect him from harm.

**TWO HUNDRED FORTY-FOURTH:** At all times hereinafter mentioned the Plaintiff, SEAN BOYLE, feared for his own safety as a direct result of the Defendants herein, one, some or all of them, their agents, servants, and/or employees, failing to protect him from a sexual predator.

**TWO HUNDRED FORTY-FIFTH:** At all times hereinafter mentioned the Plaintiff, SEAN BOYLE, feared for his own safety as a direct result of the Defendants herein, one, some or all of them, their agents, servants, and/or employees, failing to protect him from a molestation.

**TWO HUNDRED FORTY-SIXTH:** At all times hereinafter mentioned the

37

Plaintiff, SEAN BOYLE, feared for his own safety as a direct result of the Defendants herein, one, some or all of them, their agents, servants, and/or employees, exposing him to a sexual predator.

**TWO HUNDRED FORTY-SEVENTH:** As a direct and proximate cause of the negligent infliction of emotional distress caused by the Defendants herein, one, some or all of them, their agents, servants, and/or employees, the Plaintiff, SEAN BOYLE, endured severe pain and suffering, distress, depression, anxiety, emotional and psychological anguish, and other damages.

**TWO HUNDRED FORTY-EIGHTH:** The conduct of the Defendants herein, one, some or all of them, their agents, servants, and/or employees, in their negligent infliction of emotional distress upon the Plaintiff, SEAN BOYLE, was extreme and outrageous.

**TWO HUNDRED FORTY-NINTH:** The aforementioned conduct of the Defendants herein, one, some or all of them, their agents, servants, and/or employees, was committed in willful, wanton, reckless, and total disregard to the rights, safety, and wellbeing of the Plaintiff, SEAN BOYLE, entitling him to an award of punitive damages, and claim is made therefor.

**TWO HUNDRED FIFTIETH:** As a result of the foregoing, the Plaintiff was caused to incur pain and suffering, distress, depression, anxiety, emotional and psychological anguish, and other damages in an amount of money that exceeds the monetary jurisdiction of all other Courts.

**AS AND FOR A FIFTH CAUSE OF ACTION**

**TWO HUNDRED FIFTY-FIRST:** Plaintiff repeats and reiterates

38

each and every allegation set forth in the FIRST, SECOND, THIRD and FOURTH CAUSES OF ACTION, inclusive with the same force and effect as if more fully set forth herein.

**TWO HUNDRED FIFTY-SECOND:** The aforementioned conduct of the Defendants herein, their agents, servants, employees, administrators, and/or officials was outrageous and/or done willfully, wantonly, and/or with reckless indifference to the rights of the Plaintiff, SEAN BOYLE.

**TWO HUNDRED FIFTY-THIRD:** The Defendants herein, their agents, servants, employees, administrators, and/or officials, knew or should have known, that their reckless indifference to the Plaintiff being a victim of sexual assault and molestation would further harm Plaintiff, SEAN BOYLE.

**TWO HUNDRED FIFTY-FOURTH:** The Defendants herein, their agents, servants, employees, administrators, and/or officials, deliberately failed to report the aforementioned harmful sexual assault and molestation.

**TWO HUNDRED FIFTY-FIFTH:** As a direct and proximate result of the reckless, outrageous, wanton, willful and/or malicious conduct of the Defendants, the Plaintiff, SEAN BOYLE, endured, physical pain as well as psychological and emotional suffering.

**TWO HUNDRED FIFTY-SIXTH:** The conduct of the Defendants was extreme, outrageous and shocking to the conscious, and was committed in willful, wanton and total disregard to the rights, safety and well-being of the Plaintiff, SEAN BOYLE, entitling the Plaintiffs, to an award of punitive damages, and a claim is made therefor.

**TWO HUNDRED FIFTY-SEVENTH:** During the years 1984 through 1987,

39

Case 7:19-cv-08577-VB   Document 6-1   Filed 09/18/19   Page 42 of 44

and/or in the years prior or subsequent thereto, Defendant, SCHOOL DISTRICT, its agents,

servants and/or employees, administrators and officials had knowledge of the sexual assault and

molestation of the Plaintiff, SEAN BOYLE, by Reitman.

**WHEREFORE**, Plaintiff, demands judgement against the Defendants in the FIRST,

SECOND, THIRD, FOURTH and FIFTH CAUSES OF ACTION, in an amount of money that

exceeds the monetary jurisdiction of all other Courts, together with punitive damages and

interest, costs, attorneys' fees and disbursements of this action.

Dated: White Plains, New York
      August 16, 2019

Yours, etc.,

**MEAGHER & MEAGHER, P.C.**
*Attorneys for Plaintiff*
111 Church Street
White Plains, New York 10601
(914) 328-8844

40

<u>VERIFICATION</u>

STATE OF NEW YORK          )
                          ) ss.:
COUNTY OF WESTCHESTER      )

     CHRISTINA M. KILLERLANE, ESQ. being duly sworn, deposes and says:

     That she is an associate with the firm of MEAGHER & MEAGHER, P.C., the attorneys for the plaintiff(s) in the within action.

     That she has read the within SUMMONS AND VERIFIED COMPLAINT, and knows the contents thereof, and that the same is true to her own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, she believes it to be true.

     That the sources of her information and knowledge are investigations and records on file.

     That the reason this Verification is made by deponent, and not by the plaintiff(s), is that the plaintiff(s) is/are not within the County where the attorney has his office.

                                     CHRISTINA KILLERLANE, ESQ.

Sworn to before me on this 16th
day of August, 2019

Notary Public

         JENNIFER C. PATRISSI
      Notary Public, State Of New York
         No. 02PA6085425
      Qualified In Westchester County
     Commission Expires 12/30/2022

INDEX No.: _____    Year: 2019 _____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

SEAN BOYLE,

                         Plaintiff,

      -against-

NORTH SALEM CENTRAL SCHOOL DISTRICT
and PUTNAM-NORTHERN WESTCHESTER
BOARD OF COOPERATIVE EDUCATIONAL
SERVICES a/k/a BOCES,

                     Defendants.

---

## SUMMONS AND VERIFIED COMPLAINT

**MEAGHER & MEAGHER, P.C.**
*Attorney for Plaintiff*
111 Church Street
White Plains, New York 10601
(914) 328-8844

---

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.

Dated: August 16, 2019

                                 Signature _Christina M Killerlane_

                                 Print Signature's Name CHRISTINA KILLERLANE, ESQ.

---

Service of a copy of the within                         is hereby admitted.
Dated:_____

                               Attorney(s) for _____