UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
SEAN BOYLE,  :
                Plaintiff,  :
                  :
v.  :
                  :  **OPINION AND ORDER**
NORTH SALEM CENTRAL SCHOOL  :
DISTRICT and PUTNAM-NORTHERN  :  19 CV 8577 (VB)
WESTCHESTER BOARD OF  :
COOPERATIVE EDUCATIONAL  :
SERVICES a/k/a BOCES,  :
                Defendants.  :
--------------------------------------------------------------x

Briccetti, J.:

      Plaintiff Sean Boyle brings this action against defendants North Salem Central School District (the "School District") and Putnam-Northern Westchester Board of Cooperative Educational Services a/k/a BOCES ("BOCES"), alleging various state law negligence and breach of fiduciary duty claims, as well as one claim under 42 U.S.C. § 1983 for violation of his due process rights. The action was originally commenced in Supreme Court, Westchester County, and removed to this Court pursuant to 28 U.S.C. §§ 1441, 1446.

      Now pending are the School District's and BOCES's Rule 12(b)(6) motions to dismiss the amended complaint. (Docs. ## 31, 35).

      For the following reasons, the motions are GRANTED IN PART and DENIED IN PART, and the case is REMANDED to state court for further proceedings.

      The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

## BACKGROUND

      For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded allegations in the amended complaint and draws all reasonable inferences in plaintiff's favor, as summarized below.

1

I.     Alleged Sexual Molestation

From 1983 to 1984, plaintiff was a sixth-grade student at North Salem Middle/High School (the "School"), and from 1984 to 1985, plaintiff was a seventh-grade student at the School.  In both the sixth and seventh grades, plaintiff received an annual Individualized Educational Program ("IEP"), which set forth his educational needs, including social work services.

Plaintiff alleges that non-party Robert Reitman was plaintiff's guidance counselor/social worker at the School.  Plaintiff's annual IEPs required that he meet with Reitman at least once per week for counseling sessions.  Sometimes the sessions were private, involving Reitman and plaintiff only, and other times the sessions comprised Reitman and other students.

According to plaintiff, on one occasion when plaintiff was in either the sixth or seventh grade, plaintiff reported to Reitman's office, which was located in a secluded area of the School library, for a private counseling session.  Plaintiff alleges that after he entered, Reitman locked the office door and initiated a conversation about plaintiff's "development."  (Doc. #27 ("Am. Compl.") ¶ 58).  Reitman then told plaintiff he needed to see if plaintiff "was developing properly."  (Id.).

Plaintiff alleges Reitman then led him to an out-of-view corner of the office and sexually molested him.  When the counseling session ended, plaintiff left Reitman's office and went to his next class.

Before class began, plaintiff claims he told his teacher what Reitman had done.  The teacher allegedly told plaintiff he (the teacher) would report the incident to School officials.

II.     Knowledge of Reitman's Conduct

According to the amended complaint, prior to Reitman's sexual molestation of plaintiff, Reitman had sexually molested one or more other students at the School and defendants had been made aware that Reitman had done so but failed to take any action to protect students.

Plaintiff further alleges that during certain counseling sessions, Reitman used his personal vehicle and took plaintiff and other students on "excursions" away from School property and without parental permission.  According to plaintiff, Reitman inappropriately touched students during these excursions and offered to perform sexual acts on them.  Defendants allegedly received complaints about these excursions, yet failed to take any action against Reitman.

Finally, plaintiff claims that although defendants forwarded to state authorities complaints concerning sexual misconduct by their employees, defendants themselves took no responsive investigatory or disciplinary action.  According to plaintiff, despite defendants' knowledge of allegations respecting Reitman's inappropriate behavior with students, defendants failed to control Reitman's subsequent exposure to students, including plaintiff, which enabled Reitman to sexually molest and manipulate plaintiff and other students.  In other words, even though defendants allegedly knew of Reitman's unlawful, sexual conduct, his employment at the School was not curtailed in any meaningful way, he retained his accreditation as a guidance counselor and social worker, and he continued to hold private counseling sessions with students, including plaintiff, in his office.

In sum, plaintiff alleges defendants' negligence and failures to act allowed Reitman to sexually molest plaintiff.

## DISCUSSION

I.     Legal Standards

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the complaint's allegations must meet a standard of "plausibility."  Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

II.    Federal Claim

    A.     Statute of Limitations

Defendants argue plaintiff's Section 1983 due process claim, pleaded against defendants pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978), is untimely and should be dismissed.

The Court agrees.

"Because Congress did not provide a specific statute of limitations for Section 1983 actions, 'the applicable limitations period is found in the general or residual state statute of limitations for personal injury actions.'"  McClanahan v. Kelly, 2014 WL 1317612, at *3 (S.D.N.Y. Mar. 31, 2014) (quoting Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002)); see also Owens v. Okure, 488 U.S. 235, 249–51 (1989) (holding the most appropriate statute of limitations in a Section 1983 action is found in the "general or residual statute for personal injury actions").  In New York, the statute of limitations for Section 1983 claims is three years, New York's general or residual personal injury statute of limitations.  Patterson v. County of Oneida, 375 F.3d 206, 225 (2d Cir. 2004); see also Owens v. Okure, 488 U.S. at 249–51.  Indeed:

> The Supreme Court in Owens v. Okure . . . held that in the interests of simplicity and uniformity, it is the state's general ("residual") personal injury period that should apply.  And in New York, that is CPLR 214(5), which assigns a three-year period to personal injury claims in general.  Thus, the three-year period of CPLR 214(5) applies to all § 1983 claims.

N.Y. C.P.L.R. § 214 cmt. C214:2 (McKinney 2019).

Here, plaintiff alleges defendants' unconstitutional conduct—which resulted in Reitman's sexual molestation of plaintiff—occurred in the early 1980s.  Plaintiff commenced this lawsuit in 2019.  Thus, it appears the three-year statute of limitations applicable to plaintiff's Section 1983 claim has lapsed.

However, plaintiff argues the Court must look to N.Y. C.P.L.R. § 214-g to identify the relevant statute of limitations applicable to plaintiff's Section 1983 claim.  Section 214-g, which was enacted in 2019 pursuant to New York's Child Victims Act ("CVA"), states in pertinent part:

> Notwithstanding any provision of law which imposes a period of limitation to the contrary . . . , every civil claim or cause of action brought against any party alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute

5

> a sexual offense . . . committed against a child less than eighteen years of age, . . . which is barred . . . because the applicable period of limitation has expired, . . . is hereby revived, and action thereon may be commenced not earlier than six months after, and not later than one year and six months after the effective date of this section.

N.Y. C.P.L.R. § 214-g. The statute's effective date was February 14, 2019, and this action was commenced in state court on August 20, 2019.

Although Section 214-g extends the statute of limitations for state law claims respecting child sexual abuse, it does not extend the statute of limitations for Section 1983 claims. This is because "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." Anthes v. New York Univ., 2018 WL 1737540, at *10 (S.D.N.Y. Mar. 12, 2018) (quoting Owens v. Okure, 488 U.S. at 249–50). As noted above, in New York, the applicable general or residual statute of limitations applicable to plaintiff's Section 1983 claim is three years.

      B.      Equitable Tolling

Plaintiff argues that even if his Section 1983 claim is untimely, the Court should permit the claim to proceed pursuant to the doctrine of equitable tolling because defendants concealed the conduct giving rise to plaintiff's claims and because the CVA allows minor victims of sexual abuse "a retrospective opportunity to timely 'become[] aware' of the wrong from which they were suffering." (Doc. #39 ("Pl. Mem.") at 14).

The Court disagrees.

"[F]ederal courts are obligated not only to apply the analogous New York statute of limitations to . . . federal constitutional claims, but also to apply the New York rule for tolling that statute of limitations." Leon v. Murphy, 988 F.2d 303, 310 (2d Cir. 1993). Accordingly,

just like with the state's statute of limitations governing Section 1983 claims, this Court looks to the state's general tolling rules for applicable tolling standards.  Twersky v. Yeshiva Univ., 993 F. Supp. 2d 429, 437 (S.D.N.Y. 2014).   With respect to Section 1983 claims of minors, the state's general rule tolls the three-year statute of limitations until the minor reaches the age of majority.  Id.  Moreover, "in a federal question case in which the limitations and tolling rules are culled from state law, federal common law determines the date on which that federal claim accrues." Id. at 438; see also Connolly v. McCall, 254 F.3d 36, 41 (2d Cir. 2001).

Equitable tolling applies only in "rare and exceptional circumstances." Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005).  "To qualify for equitable tolling, a plaintiff must demonstrate that he acted with reasonable diligence in pursuing his claim, but that some extraordinary circumstance, such as fraudulent concealment, prevented him from timely filing suit." Syfert v. City of Rome, 768 F. App'x 66, 69 (2d Cir. 2019) (summary order).

Here, plaintiff fails plausibly to allege extraordinary circumstances prevented him from commencing this lawsuit prior to the expiration of the statute of limitations period.  In other words, the amended complaint lacks allegations that plaintiff could neither learn of nor assert his Section 1983 claim from the time he was molested until the limitations period expired.  Plaintiff also does not plausibly suggest he has acquired information respecting defendants' conduct that was previously unavailable to him.  Moreover, plaintiff fails plausibly to suggest what conditions, if any, prevented him from timely pursuing this claim.  And although the CVA extends plaintiff's time to assert and maintain state-law claims regarding the conduct of which he complains, the statute's prescriptions do not revive or extend plaintiff's time to bring an analogous Section 1983 claim.

The allegations in this case are unsettling. But for the reasons set forth above, the doctrine of equitable tolling does not apply, and plaintiff's Section 1983 claim must be dismissed.

III.  State Law Claims

    A.  Original Jurisdiction

Although plaintiff's complaint does not identify an amount in controversy, BOCES argues this Court has original jurisdiction over plaintiff's state law claims because there is diversity of citizenship and the amount in controversy "clearly" exceeds $75,000 (Doc. #33 at 4), as evidenced by plaintiff's prayer for relief for an "[a]ward of compensatory damages in an amount to be proven at trial, but in any event in an amount that exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction, to the extent permitted by law." (See Am. Compl. at 26).

The Court disagrees.

Federal district courts have original jurisdiction over civil actions between "citizens of different States" when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The jurisdictional threshold for federal subject matter jurisdiction is $75,000, and there is no "lower court" in the federal judicial system with original jurisdiction to adjudicate claims that do not exceed this monetary threshold.

Here, plaintiff's request for damages exceeding the jurisdiction "of all lower courts" is plainly an artifact from state court practice. The quoted language seems tailored to distinguish between the jurisdictional monetary thresholds of New York's Supreme Court and lower-level civil courts. After all, plaintiff commenced this action in Supreme Court, Westchester County. Accordingly, the language suggests only that the instant amount in controversy exceeds $25,000.

8

See Woodley v. Mass. Mutual, 2008 WL 2191767, at *2 (S.D.N.Y. May 23, 2008) ("The clause "lower Courts" is an obvious reference to the lower courts of New York, which may not entertain actions seeking to recover greater than $25,000, and not the federal district courts.").

For the above reasons, the above-referenced language in the amended complaint does not persuade the Court it has federal diversity jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1332(a). See Woodley v. Mass. Mutual, 2008 WL 2191767, at *2 (remanding case for failure to satisfy amount in controversy requirement when defendants relied solely on language ad damnum clause stating plaintiff was seeking damages in excess of monetary jurisdiction of all lower courts).

B. Supplemental Jurisdiction

The School District appears to agree the Court does not have federal diversity jurisdiction in this matter; it requests that the Court, in its discretion, retain supplemental jurisdiction over, and dismiss, plaintiff's state law claims because there is factual overlap between plaintiff's federal and state law claims, and to require the parties to litigate in state court plaintiff's claims that are "patently lacking in merit . . . would not further the interests of fairness." (Doc. #36 at 13).

The Court declines to do so.

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006).

Here, the Court has not reached the merits of plaintiff's Section 1983 claim because that claim is subject to dismissal on statute of limitations grounds. Accordingly, even if there is

9

significant factual overlap between plaintiff's federal and state law claims, such facts have not been assessed and do not form the basis for the Court's adjudication of plaintiff's federal claim.

Moreover, it was defendants who removed this case on the basis of federal question jurisdiction, only then to move to dismiss plaintiff's federal claim on statute of limitations grounds. They did not need to remove the case to make that motion. Accordingly, the Court is unsympathetic to the School District's position that remand would not serve the interests of fairness.

Having dismissed the only claim over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over plaintiff's remaining state law claims.

## CONCLUSION

The motions to dismiss are GRANTED IN PART and DENIED IN PART.

Plaintiff's Section 1983 due process claim is dismissed solely on the ground that it is untimely.

The Court expresses no opinion with respect to defendants' motions to dismiss inasmuch as they seek dismissal of plaintiff's state law claims.

The Court REMANDS this action to Supreme Court, Westchester County.

The Clerk is instructed to terminate the motions (Docs. ##31, 35) and remand this case to Supreme Court, Westchester County.

Dated: May 11, 2020
       White Plains, NY                    SO ORDERED:

                                           Vincent L. Briccetti
                                           United States District Judge